# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CASE NO.  3:23-CV-651-KDB-DCK

| | | |
|---|---|---|
| NATHAN FRAIZER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **PROTECTIVE ORDER** |
| | ) | |
| I C SYSTEM, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Entry Of Stipulated Protective Order" (Document No. 13) filed February 2, 2024.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Stipulated Protective Order as follows.

**IT IS STIPULATED** by and between Plaintiff Nathan Fraizer ("Plaintiff") and Defendant I.C. System, Inc. ("Defendant"), through its attorney of record, as follows:

**WHEREAS**, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

**THEREFORE**, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with its terms.

Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

Pursuant to Section III.G. of the Pretrial Order and Case Management Plan (ECF 10), "the ultimate disposition of protected materials [is] subject to a final order of the Court on the completion of the litigation." Further, "any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law."

To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other parties, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information

2

contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) deponents; (f) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (g) experts specifically retained as consultants or expert witnesses in connection with this litigation; (h) the author or recipient of the document; and (i) any mediators before whom the Parties agree to mediate disputes.

Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(g) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential".

This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

Within sixty (60) days after the final termination of this litigation, upon written request of a Producing Party, all of its documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall (a) be returned to the Producing Party, or (b) shall be destroyed by the recipient parties with counsel for the recipient parties certifying in writing that the documents have been destroyed.

The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to limit a party's right to conduct a review of documents for relevance, responsiveness, or segregation of privileged and/or protected information before production.

In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. During the pendency of any challenge to the designation of a

4

document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED**.

Signed: February 6, 2024

_____

David C. Keesler
United States Magistrate Judge

**AGREED:**

_____        _____

Nathan Fraizer                                          Caren D. Enloe
3740 Patriots Place, Apt. 6                      NC State Bar No. 17394
Concord, NC 28025                               Smith Debnam Narron Drake Saintsing &
*Pro Se Plaintiff*                                     Myers, LLP
                                                              PO Box 176010
                                                              Raleigh, NC 27619-6010
                                                              Telephone:  (919) 250-2000
                                                              Fax:  (919) 250-2124
                                                              cenloe@smithdebnamlaw.com
                                                              *Counsel for Defendant*

5

# EXHIBIT A:  DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order entered in this action on

_____, 20___.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the

Stipulated Protective Order, any information, documents or other materials produced subject to

this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this

Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information,

documents or other materials produced subject to this Stipulated Protective Order, and all

documents or things which I have prepared relating to the information, documents or other

materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to

counsel for the party by whom I am employed or retained or from whom I received the

documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the

Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON